UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
DR. DAVID SIMAI,
on behalf of plaintiff and the class defined herein

                Plaintiff,                  Case No. 17-cv-2292

    v.

ALTEGRA HEALTH CONNECTIONS, LLC,
and JOHN DOES 1-10,
                                              Jury Trial Demanded
               Defendants.
-------------------------------------------------------------------

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

      Plaintiff, Dr. David Simai, has requested, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), that this Court enter an order determining that this action may proceed as a class action against defendant Altegra Health Connections, LLC, on behalf of a class consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of defendant Altegra Health Connections, LLC, advertising or promoting its goods or services for sale.

      This memorandum is submitted in support of that motion.

**I.    NATURE OF THE CASE**

      Plaintiff Dr. David Simai brings this action to secure redress for the actions of defendant Altegra Health Connections, LLC, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). During 2017, Dr. David Simai received the unsolicited fax advertisement attached as <u>Exhibit A</u> on his facsimile machine.

      Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

## II.    REQUIREMENTS FOR CLASS CERTIFICATION

Federal Rule of Civil Procedure 23(a) states:

**(a)  Prerequisites for the maintenance of a class action.**

**One or more members of a class may sue or be sued as representative parties on behalf of all only if:**

> **(1) The class is so numerous that joinder of all members is impracticable,**
>
> **(2) There are questions of fact or law common to the class,**
>
> **(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class, and**
>
> **(4) The representative parties will fairly and adequately protect the interest of the class.**

Further, Federal Rule of Civil Procedure 23(b)(3) provides that a class action is maintainable if the above prerequisites have been met and:

> **the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.**

## III.    STANDARD FOR CLASS CERTIFICATION

Class actions are essential to enforce laws protecting consumers.  As the court stated in *Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill.App.3d 995, 574 N.E.2d 760 (1st Dist. 1991):

> In a large and impersonal society, class actions are often the last barricade of consumer protection. . . . To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups.  The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting.  The alternatives to the class action  --  private suits or governmental actions  --  have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective.  The consumer class action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer. (574 N.E.2d at 764, 766)

The Second Circuit noted that class actions allow for the aggregation of small claims held by many consumers. Denial of certification would lead to a situation where consumers holding a small claim would be less likely to pursue relief given the costs involved, to the benefit of business which, in violating the law, obtain a significant financial benefit from their actions without fear of meaningful litigation. *Ross v. Bank of America NA*, 524 F.3d 217 (2d Cir.2008).

Numerous courts have certified class actions under the TCPA. *Holtzman v. Turza,* No. 08 C 2014, 2009 WL 3334909 (N.D.Ill. Oct. 14, 2009), *aff'd in part, rev'd in part, vacated in part,* 728 F.3d 682 (7th Cir. 2013); *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.* 2015 IL 118644, 48 N.E.3d 1060; *American Copper & Brass, Inc. v. Lake City Indus. Products, Inc.*, 757 F.3d 540, 544 (6th Cir. 2014); *In re Sandusky Wellness Center, LLC*, 570 Fed.Appx. 437, 437 (6th Cir. 2014); *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.*, 821 F.3d 992, 998 (8th Cir. 2016); *Sadowski v. Med1 Online, LLC,* No. 07 C 2973, 2008 WL 2224892 (N.D.Ill. May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 WL 744262 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010).

### IV. THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION

#### A. Rule 23(a)(1) -- Numerosity

Fed.R.Civ.P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." "When the class is large, numbers alone are dispositive . . . .") *Riordan v. Smith Barney*, 113 F.R.D. 62 (N.D. Ill. 1986). Where the class numbers at least 40, joinder is generally considered impracticable. *Korn v. Franchard Corp.*, 456 F.2d 1206, 1209 (2nd Cir. 1972) ("forty investors have been said to represent a sufficiently large group" for class certification); *Town of New Castle v. Yonkers Contracting Company, Inc.*, 131 F.R.D. 38, 40-41 (S.D.N.Y. 1990) (potential class of 36 class members satisfied numerosity requirement); *Fidelis Corporation v. Litton Industries, Inc.*, 293 F.Supp. 164, 170 (S.D.N.Y. 1968) (35-70 potential plaintiffs sufficient to satisfy numerosity requirement); *Cypress v. Newport News General & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 sufficient); *Riordan*, 113 F.R.D. 60 (10-29 sufficient); *Philadelphia Electric Co. v. Anaconda American Brass Co.*, 43 F.R.D. 452, 463 (E.D.Pa. 1968) (25 sufficient); *Sala v. National R. Pass. Corp.*, 120 F.R.D. 494, 497 (E.D.Pa. 1988) (40-50 sufficient); *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 184 (N.D. Ill. 1992) (about 70). The Second Circuit presumes numerosity at a level of 40 members. *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cit. 1995); *Ansari v. New York Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y. 1998).

It is not necessary that the precise number of class members be known. "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321 (E.D.N.Y. 1982); *Lewis v. Gross*, 663 F. Supp. 1164, 1169 (E.D.N.Y. 1986). The court may "make common sense assumptions in order to find support for numerosity." *Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983);

4

*LeGrand v. New York City Transit Authority*, No. 95–CV–0333 JG, 1999 WL 342286, 1999 U.S. Dist. LEXIS 8020, at *8 (E.D.N.Y. May 26, 1999).

Here, it is reasonable to infer from the use of a generic fax advertisement addressed to medical practices that the number of class members exceeds the approximately 40 required for certification. No one would prepare such an advertisement unless they intended to send more than 40 persons. If it was intended for a single doctor or a few doctors, common sense business practice would be to address it individually.

The use of a form document has alone been considered grounds for finding numerosity. *Swiggett v. Watson*, 441 F. Supp. 254, 256 (D. Del. 1977) (in action challenging transfers of title pursuant to Delaware motor vehicle repairer's lien, fact that Department of Motor Vehicles issued a printed form for such transfer was in and of itself sufficient to show that numerosity requirement was satisfied); *Westcott v. Califano*, 460 F. Supp. 737, 744 (D. Mass. 1978) (in action challenging certain welfare policies, existence of policies and 148 families who were denied benefits to which policies applied sufficient to show numerosity, even though it was impossible to identify which of 148 families were denied benefits because of policies complained of); *Carr v. Trans Union Corp.*, C.A. 94-22, 1995 WL 20865 (E.D. Pa. Jan. 12, 1995) (FDCPA class certified regarding defendant Trans Union's transmission of misleading collection notices to consumers court inferred numerosity from the use of form letters); *Colbert v. Trans Union Corp.,* C.A. 93-6106, 1995 WL 20821 (E.D. Pa. Jan. 12, 1995) (same).

**B.     Rules 23(a)(2) and 23(b)(3)  – Predominance of common questions of law or fact**

Fed.R.Civ.P. 23(a)(2) requires that there be a common question of law *or* fact. Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members.

These requirements are normally satisfied when there is an essential common factual link between all class members and the defendant for which the law provides a remedy. *D'Alauro v.*

...

bar

*GC Servs. Ltd. P'ship*, 168 F.R.D. 451, 458 (E.D.N.Y. 1996).  Where a question of law involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met."  *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D.Ill. 1984); accord,  *D'Alauro v. GC Servs. Ltd. P'ship*, 168 F.R.D. 451, 456 (E.D.N.Y. 1996); accord, *Patrykus v. Gomilla*, 121 F.R.D. 357, 361 (N.D.Ill. 1988); *Carroll v. United Compucred Collections*, 1-99-0152 H/G, 2002 U.S. Dist. LEXIS 25032, *43-44 (M.D.Tenn.  Nov. 15, 2002), adopted in pertinent part, 2003 U.S. Dist. LEXIS 5996 (M.D. Tenn.,  Mar. 31, 2003), aff'd, 399 F.3d 620 (6th Cir. 2005); *Wahl v. Midland Credit Mgmt.*, 06 C 1708, 2007 U.S. Dist. LEXIS 39626, *14-15 (N.D.Ill., May 30, 2007); *Smith v. Nike Retail Services, Inc.*, 234 F.R.D. 648, 659 (N.D.Ill. 2006).

Cases dealing with the legality of standardized or form documents or conduct are appropriate for resolution by means of a class action because the document or conduct is the focal point of the analysis.  *Halverson v. Convenient Food Mart, Inc.,* 69 F.R.D. 331, 334-336 (N.D.Ill. 1974); *Haroco v. American Nat'l Bank*, 121 F.R.D. 664, 669 (N.D. Ill. 1988) (improper computation of interest); *Kleiner v. First Nat'l Bank*, 97 F.R.D. 683, 692 (N.D.Ga. 1983) (same); *Heastie v. Community Bank,* 125 F.R.D. 669, 675 (N.D.Ill. 1989)  (execution of home improvement financing documents in sequence that evaded consumers' rescission rights); *Carroll v. United Compucred Collections*, 1-99-0152 H/G, 2002 U.S. Dist. LEXIS 25032, *47-48 (M.D.Tenn.  Nov. 15, 2002) (collection practices).

In this case, the "common nucleus of operative fact," *Halverson*, 69 F.R.D. at  335, is that defendants sent unsolicited fax advertisements.   The common legal question is whether it is illegal to do this.  *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987).  Here, the common questions of law and fact will predominate and dictate the outcome.

In most cases, unsolicited fax advertisements addressed to professional practices are sent using a list which is purchased or obtained from public sources, such as the National Provider Index of medical practitioners.  Courts recognize that such cases are ideally suited for class

certification, because such a "blast fax" ad campaign gives rise to the conclusion that consent was lacking and that the faxes were not sent because of an existing business relationship. *G.M. Sign, Inc. v. Finish Thompson, Inc.,* No. 07 C 5953, 2009 WL 2581324 (N.D.Ill. Aug. 20, 2009); *Sadowski v. Med1 Online, LLC,* No. 07 C 2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill. May 27, 2008); *Exclusively Cats Veterinary Hospital v. Anesthetic Vaporizer Services, Inc.,* No. 10-10620, 2010 WL 5439737 (E.D.Mich. Dec. 27, 2010); *Hinman v. M&M Rental Center, Inc.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.,* 679 F.Supp.2d 894 (N.D.Ill. 2010); *G.M. Sign, Inc. v. Group C Communications, Inc.,* No. 08 C 4521, 2010 WL 744262 (N.D.Ill. Feb. 25, 2010); *CE Design Ltd. v. Cy's Crabhouse North, Inc.,* 259 F.R.D. 135 (N.D.Ill. 2009).

The only individual issue is the identification of the class members. The addresses of all persons who comprise the class should be determinable from a ministerial review of the sender's records. Furthermore, since the only persons to whom defendant's fax would be sent are licensed medical practitioners with prescribing authority who are generally also on the National Provider Index, once the parameters of the faxing are determined (e.g., internists in New York State on a certain date), a list of likely class members can be prepared from public sources.

Questions readily answerable from defendant's files do not present an obstacle to class certification. *Heastie v. Community Bank*, 125 F.R.D. 669 (N.D.Ill. 1989), *George v. Kraft Foods Global, Inc.*, 251 F.R.D. 338, 347 (N.D.Ill. 2008) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank").

### C. Rule 23(a)(3) -- Typicality

Rule 23(a)(3) requires that the claims of the named plaintiff be typical of the claims of the classes. Rule 23(a)(3) is satisfied "when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993), *citing In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). "When the same 'unlawful conduct was directed at both the named Plaintiff and the class to be represented, the typicality requirement is usually met irrespective of varying fact patters which underlie individual claims.'" *Savino v. Computer Credit, Inc.*, 173 F.R.D. 346, 352-53 (E.D.N.Y. 1997), *quoting 1 Newberg on Class Actions* §3.13; *D'Alauro v. GC Servs. Ltd. P'ship*, 168 F.R.D. 451, 456-57.

In the instant case, typicality is inherent in the class definition. By definition, each of the class members has been subject to the same treatment as plaintiff. Plaintiff's claims and the claims of the class members all turn on the legality of sending unsolicited fax advertisements.

### D. Rule 23(a)(4) -- Adequacy of representation

The rule also requires that the named plaintiff provide fair and adequate protection for the interests of the classes. That protection involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the classes. *In re Joint Eastern and Southern Dist. Asbestos Litigation*, 78 F.3d 764, 778 (2d Cir. 1996); *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)*; Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); *accord*, *Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239, 247 (3d Cir. 1975); *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321.

Plaintiff understands the obligations of a class representative and has retained experienced counsel, as is indicated by Exhibit B, which sets forth counsel's qualifications.

The second relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiff are coincident with the general interests of the class. Here, both plaintiff and the

class members seek money damages as the result of defendant's unlawful fax advertising. Given the identity of claims between plaintiff and the class members, there is no potential for conflicting interests in this action. There is no antagonism between the interests of the named plaintiff and those of the class.

> E.     Rule 23(b)(3) -- Class action is superior to other available methods of resolving this controversy

Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. *Eovaldi v. First Nat'l Bank*, 57 F.R.D. 545 (N.D. Ill. 1972). The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. *Scholes*, 143 F.R.D. at 189; *Hurwitz v. R.B. Jones Corp.*, 76 F.R.D. 149 (W.D.Mo. 1977). It is proper for a court, in deciding the "best" available method, to consider the ". . . inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974).

In this case there is no better method available for the adjudication of the claims which might be brought by each individual class member. Individual claims for $500 without a fee-shifting statute (the TCPA does not provide for fee-shifting) are not economical.

The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .

*In re Folding Carton Antitrust Litigation*, 75 F.R.D. 727, 732 (N.D. Ill. 1977) (citations omitted).

Another court noted:

> Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or

9

> even be able to retain an attorney willing to bring the action. As Professors Wright, Miller and Kane have discussed, in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see e.g., Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809 (1985) ('Class actions . . . may permit the plaintiff to pool claims which would be uneconomical to litigate individually.') The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.

*Lake v. First Nationwide Bank*, 156 F.R.D. 615, 628-629 (E.D.Pa 1994).

Class certification will provide an efficient and appropriate resolution of the controversy.

*Zanni v. Lippold*, 119 F.R.D. 32, 35 (C.D. Ill. 1988).

## V. CONCLUSION

The proposed class meets the requirements of Rules 23(a) and (b)(3). Plaintiff respectfully requests that this Court certify this action as a class action.

Respectfully submitted,

/s/ Tiffany N. Hardy
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

Adam J. Fishbein
ADAM J. FISHBEIN, P.C.
735 Central Avenue
Woodmere, New York 11598
(516) 668-6945
fishbeinadamj@gmail.com

## **CERTIFICATE OF SERVICE**

  I, Tiffany N. Hardy, hereby certify that on April 17, 2017, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system. I further certify that the foregoing document will be sent to a process server to be served upon the following party, along with the summons and complaint in this matter:

Altegra Health Connections, LLC
C/O Registered Agent
CT Corporation System
1200 South Pine Island Road
Plantation, Florida 33324

                s/Tiffany N. Hardy
                Tiffany N. Hardy